IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA
PITTSBURGH

| | |
|---|---|
| AUTOCHTHONS OF PENNSYLVANIA TRUST, PRINCE AKEEN EL KAMOORY AKANDO, TRUSTEE;<br><br>Plaintiff,<br><br>vs.<br><br>US BANK TRUST, N.A. AS TRUSTEE FOR LSF9 MASTER PARTICIPATION TRUST;  KELLER WILLIAMS REALTY, AGENT(S) ASSIGNED; AND ALLEGHENY COUNTY SHERIFF,<br><br>Defendants, | 2:21-CV-00854-MJH |

MEMORANDUM ORDER

Presently before the Court is an "Amended Notice of Appearance of Council," wherein Plaintiff is requesting the Court to Appoint Counsel and/or Extend time to Obtain Legal Counsel. (ECF No. 11). Upon consideration of the same, Plaintiff's requests will be denied as it is clear from the Amended Complaint, Plaintiff's claim lacks merit.

By way of brief background, Plaintiff, Autochthons of Pennsylvania Trust, filed a Motion to Proceed In Forma Pauperis (ECF No. 1).  This Court denied the Motion, on two grounds, 1) because Plaintiff, a trust, could not proceed in forma pauperis; and 2) a non-lawyer trustee, may not represent a trust pro se.  (ECF No. 4).   Plaintiff paid the filing fee and its purported Trustee, Prince Akeen Kamoory El Akando, entered "Notice of Special Appearance of Councel (sic)" under the guise of Power Attorney. (ECF No. 5-5).  However, because such designation did not indicate Prince Akeen was a licensed attorney, the Court rejected his entry of appearance and granted Plaintiff leave until August 3, 2021 to retain an attorney licensed and admitted to practice in this jurisdiction.  (ECF No. 6).

On August 4, 2021, Prince Naveen filed an "Amended Notice of Appearance of Council." While there is no right to counsel in a civil case, *see Tabron v. Grace*, 6 F.3d 147, 153 (3d Cir. 1993); *Parham v. Johnson*, 126 F.3d 454, 456-57 (3d Cir. 1997)), "[t]he court may request an attorney to represent any person unable to afford counsel," 28 U.S.C. § 1915(e)(1). The District Court has significant discretion in deciding whether to appoint pro bono counsel. *Hopkins v. Medio*, No. CIV.A. 12-5134 JBS, 2015 WL 4770864, at *2 (D.N.J. Aug. 12, 2015). In making that determination, a court first must consider whether a plaintiff's claim "has some merit in fact and law." *Tabron*, 6 F.3d at 155. Once that initial threshold is satisfied, the court should consider the following additional factors, which the Third Circuit set forth in *Tabron*:

> (1) the plaintiff's ability to present his or her own case; (2) the complexity of the legal issues; (3) the degree to which factual investigation will be necessary and the ability of the plaintiff to pursue such investigation; (4) the amount a case is likely to turn on credibility determinations; (5) whether the case will require the testimony of expert witnesses; (6) whether the plaintiff can attain and afford counsel on his own behalf.

*Hopkins*, 2015 WL 4770864, at *2-3 (citing *Parham*, 126 F.3d at 457).

Here, by virtue of Plaintiff's request that this Court appoint counsel, said request invites the Court to inquire whether Plaintiff's claim has any merit in fact and law. Plaintiff's Complaint purports to be a claim to quiet title "made under the laws of equity not limited to the laws of Nature, under supreme treaty law via 8 stat. 484-487 in toto and the Universal Declaration of Rights of Indigenous Peoples as adopted within the charter of AUTHOCHTHONS OF PENNSYLVANIA TRUST (A private tribal association for indigenous peoples in the Pennsylvania territory)." (ECF No. 3 at p. 2). The Complaint further asserts that "[this] claim is an Aboriginal and Imperial Title as well as an Allodial Title to the subject land and property." *Id*.

Pennsylvania Rule of Civil Procedure 1061(b) provides that a quiet-title action may be brought:

> (1) to compel an adverse party to commence an action of ejectment; (2) where an action of ejectment will not lie, to determine any right, lien, title or interest in the land or determine the validity or discharge of any document, obligation or deed affecting any right, lien, title, or interest in land; (3) to compel an adverse party to file, record, cancel, surrender or satisfy of record, or admit the validity, invalidity or discharge of, any document, obligation or deed affecting any right, lien, title or interest in land; or (4) to obtain possession of land sold at a judicial or tax sale.

Pa. R. Civ. P. 1061(b). "The purpose of an action to quiet title under Rule 1061 is to remove clouds on title and resolve conflict over interests in property." *Lincoln v. Magnum Land Servs., LLC*, No. 3:12-CV-576, 2013 WL 2443926, at *4 (M.D. Pa. June 5, 2013).

Here, Plaintiff does not allege sufficient facts regarding its aboriginal title such that Defendants could be compelled to file, record, cancel, surrender or satisfy of record, or admit the validity, invalidity or discharge of, any document, obligation or deed affecting Plaintiff's right, lien, title or interest in land. Although Plaintiff alleges a hereditary bloodline granting ownership authority, it does not establish said bloodline, nor does it allege how that possible bloodline warrants ownership over the land in question.

Moreover, in *Delaware Nation v. Pennsylvania*, the Third Circuit stated:

> [T]he manner, method, and time of the sovereign's extinguishment of aboriginal title raise political, not justiciable, issues. *United States v. Santa Fe Pac. R.R. Co.*, 314 U.S. 339, 347, 62 S.Ct. 248, 86 L.Ed. 260 (1941). "[W]hether (extinguishment) be done by treaty, by the sword, by purchase, by the exercise of complete dominion adverse to the right of occupancy, or otherwise, its justness is not open to inquiry in the courts." *Id*. (emphasis added); *United States v. Alcea Band of Tillamooks*, 329 U.S. 40, 46, 67 S.Ct. 167, 91 L.Ed. 29 (1946) (noting that the sovereign "possessed exclusive power to extinguish the right of occupancy at will.").

*Delaware Nation*, 446 F.3d 410, 416-17 (3d Cir. 2006). As such, "the manner in which the sovereign executes a purchase or a treaty with an Indian entity" is a "nonjusticiable" issue. *Id*. at

417 n. 10.  Thus, Plaintiff has failed to state a judicially determinable issue regarding its claim of aboriginal title to the subject land.  Accordingly, the Court finds no merit to Plaintiff's claim which would deem the appointment of counsel appropriate.  And because the Court's inquiry into the appointment of counsel required an assessment of the merits of Plaintiff's claim and a finding that there is none, Plaintiff's claim will be dismissed, and any amendment will be deemed futile.

Therefore, after consideration of Plaintiff's "Amended Notice of Appearance of Council," requesting appointment of counsel and/or extend time to obtain legal counsel is denied.  (ECF No. 11).  It is further ordered, for the reasons stated above, that Plaintiff's Amended Complaint is dismissed.   The clerk will mark the case closed.

DATED this 9th day of August, 2021.

BY THE COURT:

_____
MARILYN J. HORAN
United States District Judge


Sent via U.S. Mail to:

AUTOCHTHONS OF PENNSYLVANIA TRUST
395 Federal Street
Pittsburgh, PA 15212-998